GAJARSA, Circuit Judge,
dissenting.
Although the majority of the panel has requested a certification of three issues to the Oregon Supreme Court, I must respectfully dissent from such a request. We need not certify the questions because *1379 of the unique procedural posture of this ease, and because the answers sought, in my judgment, are not required to decide the issues before this court. In particular, I disagree with the proposition that the effect of the 1905 Statute is a critical question with respect to the matter of certification vel non. In my judgment, the effect of the 1905 Statute is determinative as to the relative property rights of the United States and the irrigators in Kla-math Basin water, that is, who owns the right to the beneficial use of the water; however, this determination has no bearing on the property interest alleged by the irrigators in this case. That is clearly the issue presented in the State of Oregon’s Klamath Basin Adjudication (hereinafter “Adjudication”) under Oregon Revised Statutes chapter 539. See, e.g., Brief of Amicus Curiae State of Oregon Regarding Defendant’s Motion for Stay and Plaintiffs Opposition Thereto at 2-3, Klamath Irrigation Dist. v. United States, 67 Fed.Cl. 504 (2005) (Doc. No. 61) (hereinafter “State of Oregon Amicus Brief’). Therefore, because the claimants in this case have disclaimed any claims pending in the Adjudication, this court need not certify Questions One and Two.
At the outset, all water rights arising under Oregon law, including those affected by the 1905 Statute, may be divided into two categories — those arising before the February 24, 1909 passage of the Water Rights Act (“WRA”) and those arising after. Rights arising before the passage of the WRA are undisturbed by its passage, but must be adjudicated in a general stream adjudication. Or. Rev. St. § 539.010 (especially subsection 4 relating to earlier appropriations). Indeed, in 1989 the Oregon legislature imposed a deadline for the filing of unadjudicated claims based on pre-1909 water rights. See Or. Rev. St. § 539.240 (stating that claims for undetermined vested rights must be filed by December 31, 1992). After the passage of the WRA, “any person intending to acquire the right to the beneficial use of any of the surface waters of this state shall make an application to the Water Resources Department for a permit to make the appropriation.” Or. Rev. St. § 537.130(1); see also Hannigan v. Hinton, 195 Or.App. 345, 97 P.3d 1256, 1258-59 (2004).
The water rights alleged by the claimants in this case do not fall into either of these categories, and thus cannot be said to arise under Oregon law. With respect to the latter category, those arising posN 1909, the Appellants do not allege a single vested water right arising under the permit and certificate requirement of the WRA. Cf. Or. Rev. St. §§ 537.250 (stating that appropriation is completed with issuance of certificate); 537.252 (stating the water right certificate which has not been contested becomes conclusive evidence of an appropriation). As to the former category, those arising pre-1909, all such rights are currently pending in the Adjudication. In particular, the record before the CFC demonstrates that both the State of Oregon (as an amicus in this case) and the Oregon Water Resources Department (as a participant in the Adjudication) consider the relative rights of the United States and the irrigators with respect to the right to use Klamath water to be a key issue in the Adjudication. See State of Oregon Amicus Brief at 2-3; Oregon Water Resources Department’s Closing Brief on Reply at 37-41, In re the Determination of the Relative Rights of the Waters of the Klamath River, Lead Case No. 003 (Or. Water Res. Dep’t July 13, 2005) (submitted as Ex. 1 to Doc. No. 242 in Klamath Irrigation, 67 Fed.Cl. 504) (discussing impact of 1905 Statute on conflicting water rights claimed by the United States and the irrigators in the Adjudication).
*1380 Moreover, additional filings in the Adjudication, and submitted by the parties on appeal to this court, clearly demonstrate that the ownership of the beneficial use of Klamath project water, as informed by the effects of the 1905 Oregon Statute, is a central issue in the Adjudication. In the addendum to its Appellee Brief, the United States submitted a proposed order issued by the Administrative Judge (“AJ”) in the Adjudication. See Proposed Order, In re Determination of the Relative Rights of the Water of the Klamath River, Lead Case No. 003 (Or. Water Res. Dep’t Nov. 14, 2006) (hereinafter “Proposed Order”). The Proposed Order begins its Opinion section with an analysis of the 1905 Oregon Statute. Id. at 19-25. It concludes that the operation of the statute is clear and that the rights of the United States cannot be disturbed by any beneficial use of Kla-math Project Water by the irrigators. Id. at 20, 23. This Proposed Order does not, of course, conclusively establish the meaning of the 1905 Oregon statute as informed by other aspects of Oregon water rights law, and indeed, the Oregon Water Resources Department (“OWRD”) filed its Exceptions to the Proposed Order with the AJ in the Adjudication proceeding. Or. Water Res. Dep’t’s Exceptions to Proposed Order, In re Determination of the Relative Rights of the Water of the Klamath River, Lead Case No. 003 (Or. Water Res. Dep’t Mar. 30, 2007) (hereinafter “Exceptions to Proposed Order”). The OWRD argued that by virtue of compliance with the 1905 statute, the United States secured a priority date in a water right that could only be converted to a vested right by application to a beneficial use. Id. at 9. The OWRD asserted that in this circumstance “the beneficial user ‘holds’ or ‘owns’ an interest in water rights appropriated pursuant thereto for the purpose of the beneficial use.” Id. The position of the OWRD similarly fails to conclusively establish Oregon law on this issue, but the Adjudication filings together make clear that the AJ will decide the exact issues sought to be addressed by the proposed certification Questions One and Two.
Certification is therefore unnecessary because the record before the Court of Federal Claims (“CFC”) is clear that all state law claims to property rights in Kla-math Project waters that are currently pending in the Adjudication are not presented to this court on appeal. The claimants were clear in their arguments below that the water rights which they are claiming are not the water rights which are being adjudicated in the State proceedings. This was the basis for claimants’ objection to the government’s motion to stay, and they subsequently filed a motion for partial summary judgment requesting a ruling that the water rights upon which their takings claims were predicated in the CFC were not the water rights subject to the Adjudication. Memorandum Supporting Plaintiffs’ Revised Motion for Partial Summary Judgment at 10, Klamath Irrigation, 67 Fed.Cl. 504 (Aug. 29, 2003). The CFC granted the claimants’ motion, stating as follows:
Accordingly, plaintiffs’ motion for partial summary judgment that their water interests are not property interests at issue in the Adjudication is granted and defendant’s motion for a stay pending the outcome of the Adjudication is denied. Based on plaintiffs’ assertion that no rights or interests in this case are affected by the Adjudication (see Plaintiffs Revised Motion for Partial Summary Judgment at 10), plaintiffs are barred from making any claims or seeking any relief in this case based on rights, titles, or interests that are or may be subject to determination in the Adjudication.
Klamath Irrigation Dist. v. United States, No. 01-591L (filed Nov. 13, 2003). This holding is now the law of the case and is *1381 binding on the claimants.[1] See, e.g., Toro Co. v. White Consol. Indus., 383 F.3d 1326, 1337 (Fed.Cir.2004) (“The law is well-settled; decisions once made are not to be disregarded except for exceptional circumstances. Such circumstances are not evident here.”).
In the absence of asserting any property right based on state law, the claimants must argue that their alleged property interest arises under federal law. The claimants thus argue that the Reclamation Act itself directly creates their property interest, that the Klamath Compact gives them a right to just compensation, and that the United States conveyed whatever property interests it had to the irrigators via homestead patent deeds. None of these alleged property interests require certification to the Oregon Supreme court. They should not be able to obtain a second opportunity to avoid the results of their actions, and this court should not provide them with a second bite at the apple of state law property rights in Klamath Basin Water. For these reasons, I do not believe that certification is proper or necessary.

. To the extent that claimants attempt to argue that they are asserting state law property rights which are not subject to the Adjudication, Question 3 seeks to determine whether Oregon law recognizes any such category of rights. Before this court, claimants have not clearly articulated any theory of properly rights in the Klamath Basin water that is not pending in the Adjudication. Thus, it is my view that a negative answer to Question Three, if certification is accepted by the Oregon Supreme Court, ends the inquiry as to whether the claimants can be heard to assert any state law property interest at all in this case.